

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**GAVIN MACKIE**
*Assistant Corporation Counsel*
*212.356.2272*
*gmackie@law.nyc.gov*

July 17, 2023

**Via ECF**
Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East, Room S905
Brooklyn, NY 11201

      Re:   *The City of New York et al. v. Juan Henriquez*, 22 Civ. 3190-KAM-PK;
              Plaintiff/Counterclaim-Defendant's Opposition to Defendant/Counterclaim
              Plaintiff's Request for Pre-motion Conference regarding Motion to Dismiss
              Claims II and IV of the Third Amended Complaint

Dear Judge Matsumoto,

    I write pursuant to the Court's Individual Practice Rule III(B)(1) in response to opposing counsel's pre-motion letter dated and filed on June 27, 2023 (ECF Doc. 87), regarding Defendant/Counterclaim-Plaintiff's proposed Motion to Dismiss Counts II and IV of Plaintiffs/Counterclaim-Defendants' Third Amended Complaint ("TAC") (ECF Doc. 86). As discussed at length in the City's response to counsel's earlier pre-motion letter to dismiss Count II of the Second Amended Complaint (ECF Doc. 30), the proposed motion has no merit and is purely dilatory. The City inadvertently neglected to respond to counsel's pre-motion letter within a three day period as required by the Court's individual practice rules, and respectfully requests that the Court consider the arguments raised herein in considering whether to grant a pre-motion conference.[1]

    The TAC states plausible claims of fraud with the particularity required by Fed. R. Civ. P. 9(b). Defendant is essentially asking this Court to rule on the merits and make findings of fact and a *credibility* determination on a motion to dismiss, namely that Defendant lacked the requisite mental state to make fraudulent statements to the United States Patent & Trademark Office (USPTO) in his application for the trademark registration at issue, as to which Plaintiffs

---

[1] As opposing counsel notes in his pre-motion conference letter, this Court directed the parties to submit a status update and proposal for moving forward after all issues presented to Magistrate Judge Kuo have been resolved. Since the motion to disqualify Defendant Singleton has not yet been decided, and the City continues to believe that Mr. Singleton can adequately represent the City in this matter, the City intends to confer with opposing counsel to establish a proposed briefing schedule for any motion(s) to dismiss once that issue has been resolved.

seek cancellation.[2] Opposing counsel argues that the allegations in the TAC "do not state a credible basis for inferring that Mr. Henriquez *knew* and *agreed* that the Plaintiffs owned or had an independent right to use the MSOC Mark, or that Mr. Henriquez intended to mislead the USPTO in his trademark [application]." (ECF Doc. 87, at 2) (emphasis in original). Opposing counsel states that "[e]ven if the Plaintiffs are ultimately found *not* to have been licensees, Mr. Henriquez cannot as a layperson, be charged with fraudulent intent for failing to foresee the Court's ultimate determination of that issue in this lawsuit." (*Id.* at 3) (emphasis in original). Defendant, however, is not proposing to make a motion for summary judgment under Rule 56, or judgment of the pleadings under Rule 12(c), but rather a motion to dismiss under Rule 12(b)(6), arguing that the facts do not state a claim as a matter of law. No case, to our knowledge, has ever held that the applicable fraud standard for a layperson is different, nor has any case held that a court can make credibility determinations on a motion to dismiss.

Opposing counsel cherry picks and relies on selected allegations in the TAC and snippets from cases taken out of context to craft a factual argument that utterly lacks any legal mooring. Two of the cases cited by opposing counsel for the proposition that a claim of fraud on the USPTO is held to a higher pleading standard, *Radiancy, Inc. v. Viatek Consumer Prods. Grp., Inc.*, 138 F. Supp. 3d 303, 317 (S.D.N.Y. 2014), and *Ferguson Beauregard/Logic Controls v. Mega Systems, LLC*, 350 F.3d 1327, 1343 (Fed. Cir. 2003), did not involve trademark cancellation claims, but rather the pleading of an affirmative defenses based on inequitable conduct, which is judged by a different standard. (ECF Doc. 87 at 2). The two other cited cases, *MPC Franchise, LLC v. Tarntino*, 826 F.3d 653 (2d Cir. 2016), and *In re Bose Corp.*, 580 F.3d 120, 1246 (Fed. Cir. 2009), do not support Defendant's argument. Both cases stand merely for the proposition that "[m]ere negligence is not sufficient to infer fraud" on the USPTO. *Bose*, 580 F.3d at 1244; *Tartino*, 826 F.3d at 659. They do not foreclose a finding of fraud based on the substantial allegations contained in the TAC.

Here, the TAC adequately alleges that the Henriquez knew the statements in his application were materially false. The TAC alleges:

> ¶ 62: On or about January 18, 2019, the FDNY sent a letter to Henriquez taking issue with respect to his claim of ownership in the MSOC Marks and the FDNY MSOC Design Logo.

> ¶ 73: On October 14, 2019, Henriquez filed an application with the USPTO to register the words "Medical Special Operations Conference" for "Charitable fundraising services by means of organizing and conducting special events" based on a claimed date of actual use and first actual use in commerce of January 30, 2011.

> ¶ 74: The USPTO issued a Nonfinal Office Action dated February 26, 2020, with respect to Henriquez's application, which stated that the registration was being

---

[2] Opposing counsel states in his pre-motion conference letter that Mr. Henriquez believes that Counts II, III, and IV of the TAC are foreclosed by prior findings of fact by this Court, but does not rely on that as the basis for this proposed motion. The City believes that the preliminary facts established in the Preliminary Injunction Order (ECF Doc. 71) are not binding law of the case, and that additional factual developments will ultimately support the City's claims.

refused on the ground that the applied-for mark was "merely descriptive" and not registerable under Section 2(e)(1) of the Lanham Trademark Act, 15 U.S.C. § 1052(e)(1).

¶ 76: In response to the Office Action, Henriquez filed an amended application on April 20, 2020, a true copy of which is annexed hereto as Exhibit 5, in which he declared under penalty of perjury that he had been using the applied-for mark on a substantially exclusive and continuous basis during the five years preceding the date of his application.

¶ 77: Henriquez's amended application stated that no other person or entity had any interest in the applied-for mark or had used a substantially similar mark in commerce.

¶ 79: Henriquez submitted no proof to the USPTO to support the statement that he had used the applied-for mark on a substantially exclusive and continuous basis during the five-year period prior to the date of his application.

¶ 81: In fact, as of the date of his application, Henriquez had not used the applied-for mark on a substantially exclusive and continuous basis during the five years preceding the date of his application, without counting and relying on the use of such mark by the FDNY and the FDNY Foundation.

¶ 117: Henriquez committed fraud on the USPTO within the meaning of section 14(c) of the Lanham Act by making materially false statements in his amended application for U.S. Reg. No. 6,128,514 for the word mark, MEDICAL SPECIAL OPERATIONS CONFERENCE.

These allegations are more than sufficient to state a plausible claim that Mr. Henriquez committed fraud on the USPTO in his application, specifically with regard to his sworn statements that he used the marks on a substantially exclusive and continuous basis for the five years preceding his application and that no other entity claimed competing interest in the marks or used them in commerce.

In sum, the proposed motion to dismiss has no merit and this Court should not entertain this attempt to delay proceedings with unnecessary motion practice.

Respectfully submitted,

*Gavin B. Mackie*
Gavin B. Mackie