

**FLETCHER LAW, PLLC**
234 Fifth Avenue, 2nd Floor • New York, NY 10001
T: (212) 320-8945 • F: (347) 983-0046
www.fletcherlaw.co

Jordan Fletcher, Principal

June 14, 2024

**VIA ECF**

Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East, Rm. S905
Brooklyn, NY 11201
(718) 613-2180

      Re:    *City of New York, et al. v. Henriquez,* 22 Civ. 3190-KAM-PK (EDNY)
             Defendant's Intention Not to Amend His Pleading

Dear Judge Matsumoto,

     I write on behalf of defendant Juan Henriquez to inform that court that <u>Mr. Henriquez does not intend at this time to amend his operative pleading</u>, *i.e.*, the Answer to Counts I and III of Third Amended Complaint and First Amended Counterclaims with Third Party Claim ("FACC") (ECF 88).

     By way of brief explanation, we understand that counsel for the City Parties contended at the June 14, 2024 status conference that the FACC does not plead allegations sufficient to allow the Court to evaluate Mr. Henriquez's licensee estoppel theory in connection with his request for a preliminary injunction.

     The doctrine of licensee estoppel is an affirmative defense, *see Spinelli v. Nat'l Football League*, 903 F.3d 185, 197 (2d Cir. 2018), that is also commonly used offensively in the context of trademark preliminary injunctions. *See, e.g., Really Good Stuff, LLC v. BAP Inv'rs, L.C.*, 813 Fed. Appx. 39, 43 (2d Cir. 2020) (Summary Order); *Mitsubishi Motors N. Am. Inc. b. Grand Auto, Inc.*, 18 Civ. 814, 2018 WL 2012875, *11 (E.D.N.Y.) (collecting cases). "The general rule of licensee estoppel provides that when a licensee enters into an agreement to use the intellectual property of a licensor, the licensee effectively recognizes the validity of that property and is estopped from contesting its validity in future disputes." *Idaho Potato Comm'n v. M & M Produce Farm & Sales*, 335 F.3d 130, 135 (2d Cir. 2003). Further, where an ex-licensee continues to use a mark after its license expires, a strong likelihood of consumer confusion arises. *Really Good Stuff, LLC*, 813 Fed. Appx. at 43. "Licensee estoppel may be effective even if the license itself is implied from the conduct of the parties." McCarthy on Trademarks § 18:63 (5th ed.).

1

Here, the FACC explicitly raises licensee estoppel as an affirmative defense. *See* FACC at 14-15 (Affirmative Defenses 3-5). The FACC also alleges (a) that the FDNY and FDNY Foundation are Mr. Henriquez's ex-licensees, *see* FACC ¶¶ 56, 62, 79, and 84-86; and (b) numerous facts which, taken together, demonstrate the existence of an implied license between the parties. *See id.* ¶¶ 16-27, 30-38, 39-46, 55, 57 and 58. What's more, FACC ¶ 72(c) alleges that Mr. Singleton illegally retaliated against Mr. Henriquez by threatening file a report with the City's Conflict of Interest Board after undersigned counsel raised implied license as a defense during settlement discussions.

Fed. R. Civ. P. 8(a) requires that a complaint need only "provide fair notice of the claims . . . to enable the adverse party to answer the complaint and prepare for trial." *Strunk v. U.S. House of Representatives*, 68 Fed. Appx. 233, 234 (2d Cir. 2003).

The FACC provides the City Parties with ample notice of Mr. Henriquez's intention to raise licensee estoppel as an issue offensively and defensively in this lawsuit. Therefore, we believe the FACC as currently pled provides a sound basis for the Court to evaluate Mr. Henriquez's licensee estoppel theory on remand, as the Second Circuit has instructed.

Of course, if the City Parties respond to this letter with a compelling argument for why they believe that the FACC as currently pled does – as a matter of technical procedure – permit the Court to evaluate Mr. Henriquez's licensee estoppel theory, we are certainly open to reconsidering our position.


Respectfully submitted,

Jordan Fletcher