

**FLETCHER LAW, PLLC**
234 Fifth Avenue, 2nd Floor • New York, NY 10001
T: (212) 320-8945 • F: (347) 983-0046
www.fletcherlaw.co

Jordan Fletcher, Principal

June 18, 2024

**VIA ECF**

Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East, Rm. S905
Brooklyn, NY 11201
(718) 613-2180

      Re:    *City of New York, et al. v. Henriquez,* 22 Civ. 3190-KAM-PK (EDNY)
              Reply Letter re Defendant's Intention Not to Amend His Pleadings

Dear Judge Matsumoto,

    Upon review of plaintiff City Parties' response ("Response Letter") (ECF 103) to my letter of June 17, 2024 (ECF 102), I write to re-confirm that Mr. Henriquez does not intend to amend his operative pleading (ECF 88) ("FACC") at this time.

    While the City Parties devote the vast majority of their Response Letter to arguing extraneous merits issues, two points in the Response Letter bear noting.

    First, the City Parties mischaracterize the claims asserted in their own Third Amended Complaint ("TAC") (ECF 86). In fact, the TAC raises two causes of action, *i.e.,* Counts II and III, seeking cancellation of Henriquez's MSOC trademarks, and Henriquez's licensee estoppel affirmative defenses are responsive to both.

    Second, the FACC does not plead an affirmative *cause of action* for licensee estoppel, so there is no basis to evaluate the FACC's allegations supporting the existence of an implied license under the Rule 12(b)(6) standard.[1] Rather, Henriquez's licensee estoppel argument arises presently in the context of a motion for preliminary injunction, and the Court has jurisdiction to decide whether or not an implied license existed based on the evidence properly before it on that motion.

Respectfully submitted,

Jordan Fletcher

---

[1] Nor is there any pending or proposed motion seeking to dismiss or strike those allegations.