

**FLETCHER LAW, PLLC**
234 Fifth Avenue, 2nd Floor • New York, NY 10001
T: (212) 320-8945 • F: (347) 983-0046
www.fletcherlaw.co

Jordan Fletcher, Principal

March 20, 2025

**VIA ECF**

Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East, Rm. S905
Brooklyn, NY 11201
(718) 613-2180

      Re:    *City of New York, et al. v. Henriquez,* 22 Civ. 3190-KAM-PK (EDNY)
             Joint Status Update and Proposed Next Steps

Dear Judge Matsumoto,

      As counsel for defendant-counterclaim plaintiff Juan Henriquez, I write with the City of New York's ("City Parties") consent and on behalf of all parties to advise the Court as to the parties' divergent views on the appropriate next steps for this litigation in the District Court.

      For background, (i) the City Parties filed a notice of appeal (ECF 115) of the Court's second preliminary injunction Order (ECF 111) on March 17, 2025; and (ii) both sides remain interested in filing Rule 12(b) motions with respect to the other side's operative pleadings.

### Mr. Henriquez's Position

      Mr. Henriquez believes that the litigation should move forward without delay in the District Court. This includes commencing merits discovery immediately, while briefing and the Court's consideration of the parties' cross-motions to dismiss proceed in parallel.

      The City Parties filed this lawsuit in June 2022, *almost three years ago*. And yet, with two settlement conferences (one before Magistrate Judge Kuo, one before the Second Circuit), a two-day evidentiary hearing, two preliminary injunction decisions, and a Second Circuit appeal behind us, *no merits discovery has yet been conducted*. Although Mr. Henriquez was amenable to staying the District Court proceedings while the first appeal ran its course, he believes it is high time to move this case towards completion.

      Put simply: if the City Parties believe they have the facts to prove their trademark claims – notwithstanding the Court's extensive preliminary findings to the contrary – it is time for them to do so. Imposing more years of delay while the Second Circuit addresses the City Parties' interlocutory appeal of the current preliminary injunction order is unwarranted, particularly where

the City Parties fail to show any likelihood of success on the merits of their appeal or irreparable harm absent a stay. *See Struogo v. Barclays PLC*, 194 F. Supp. 3d 230, 233-35 (S.D.N.Y. 2016).

Furthermore, because we view the City Parties' proposed motion to dismiss Mr. Henriquez's trademark counterclaims as beyond frivolous in light of the Court's factual findings to date,[1] we strongly oppose the City Parties' request below to postpone discovery for an untold number of additional months while the motions to dismiss are briefed and decided.

For all these reasons, Mr. Henriquez respectfully proposes:

(1) The Court should enter an Order directing the parties to file a proposed Discovery Plan / Scheduling Order in the form provided by Magistrate Judge Kuo's individual practices within two (2) weeks of the Court's entry of such Order;

(2) The Court's Order should set a briefing schedule for the parties' proposed cross-motions to dismiss in accordance with the one set forth at the end of this letter; and

(3) The Court should not entertain any further stays of the proceedings at this time.

**The City Parties' Position**

The City Parties propose that the District Court proceedings should be held in abeyance pending the resolution of their Second Circuit interlocutory appeal. Alternatively, if the litigation is not held in abeyance pending appeal, the City Parties propose that, at a minimum, merits discovery should be stayed pending the resolution of the parties' proposed cross-motions to dismiss.

"The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "The divestiture of jurisdiction rule is, however, not a *per se* rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.'" *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quoting *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989)).

In an appeal from an order granting or denying a preliminary injunction, "the filing of a notice of appeal only divests the district court of jurisdiction respecting the questions raised and decided in the order that is on appeal." *New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989). It is well settled that an appeal from an interlocutory order granting or denying preliminary injunctive relief does not strip the district court of jurisdiction to hear the merits. *Thomas v. Board of Ed.*, 607 F.2d 1043, 1047 n.7 (2d Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980).

---

[1] The City Parties' arguments concerning Mr. Henriquez's whistleblower claim are also meritless for the reasons discussed in our previous pre-motion correspondence (*see* ECF 97).

This Court has referred defendant's motion for a pre-motion conference, which alleges that the FDNY Foundation is violating the preliminary injunction and should be held in contempt, to Magistrate Judge Kuo. That is an appropriate exercise of jurisdiction. However, the City Defendant submit that motions practice and discovery proceedings, other than with respect to enforcement of the preliminary injunction, should continue to be held in abeyance pending the determination of the current appeal.

The prior appeal was plainly not frivolous, and nor is the present appeal. There are substantial issues to be considered and decided on appeal, including when the MSOC marks acquired secondary meaning; whether there was an implied license; and whether Dr. Isaacs had actual or apparent authority to enter into a license. The appellate court's rulings on any of these issues could greatly affect the scope of further proceedings and discovery. Simply put, the merits of the parties' respective claims are inextricably bound up with the issues on appeal.

The City Defendants are not seeking to delay the proceedings and have, at all relevant times, proceeded diligently. Issue has not yet been joined, and the pleadings have not been finalized. Indeed, as the Court may recall, defendant moved for a preliminary injunction before he had even filed a counterclaim, and he later served an amended counterclaim adding additional claims, including claims against the City's counsel personally. Both parties previously filed pre-motion letters regarding contemplated motions to dismiss, which this Court held in abeyance pending the determination of the prior appeal, based on considerations of judicial efficiency and economy.

Alternatively, the parties' respective contemplated motions to dismiss should be briefed and decided before a Rule 26 conference is scheduled. Clearly, the scope of discovery could be greatly affected by the dismissal of various claims, and it common practice for courts to hold discovery in abeyance until the pleadings are fixed. It simply makes no sense to waste valuable judicial resources and expend time and money on discovery until the motion to dismiss are decided.

**Joint Proposed Rule 12(b) Motion Briefing Schedule**

If the Court orders this litigation to move forward in the District Court, then, irrespective of whether discovery also proceeds at this time, the parties have agreed to the following proposed briefing schedule for their cross-motions to dismiss:

Moving Papers: May 9, 2025

Opposition Briefs: June 6, 2025

Replies: June 18, 2025

Respectfully submitted,

Jordan Fletcher

3